UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:14CR 175 (AWT) |
| v. | VIOLATIONS: |
| TERRY J. DIMARTINO | 26 U.S.C. Section 7212(a)<br>(Corrupt Endeavor to Obstruct<br>the Internal Revenue Laws)<br><br>26 U.S.C. Section 7206(1)<br>(Filing a False Tax Return)<br><br>26 U.S.C. Section 7203<br>(Willful Failure to File a Tax Return) |

INDICTMENT

The Grand Jury charges:

INTRODUCTION

At all times relevant, unless otherwise specified:

1.  The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury.

2.  The IRS administered the internal revenue laws of the United States, including the ascertainment, computation, assessment, and collection of income taxes.

3.  As part of its responsibility to collect taxes, the IRS can file levies. Levies enable the IRS to collect, as payment of delinquent taxes, a delinquent taxpayer's wages, compensation, and other payments due to the delinquent taxpayer.

4.  Defendant TERRY J. DIMARTINO ("DIMARTINO") was a resident of Newington, Connecticut.

5. From at least 1999 through in or about 2013, DIMARTINO sold insurance, and earned commissions on those sales from various insurance companies.

6. J.H. was an associate of DIMARTINO.

7. SK&J Family Trust was a trust established on or about October 20, 2004 that listed DIMARTINO's brother, S.D., as the grantor, J.H. as the trustee, and DIMARTINO's children as the beneficiaries.

8. Serene Trails was a trust that listed DIMARTINO as the "Executive Trustee" in or about February 2005.

9. Realistic Ventures, Inc. was an entity that listed DIMARTINO as the President and Treasurer in or about January 2005.

## COUNT ONE
### (Corrupt Endeavor to Obstruct and Impede the Due Administration of the Internal Revenue Laws)

10. The Grand Jury realleges and incorporates by reference Paragraphs 1 through 9 as if fully set forth herein.

11. From at least October 20, 2004, through on or about May 16, 2014, in the District of Connecticut and elsewhere, DIMARTINO did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws by various means, including but not limited to (a) mailing and causing to be mailed to the IRS false tax returns; (b) submitting and causing to be submitted to the IRS and the Secretary of the Treasury worthless bonds purporting to satisfy his tax liabilities; (c) submitting and causing to be submitted false and threatening correspondence to the IRS in an attempt to defeat the IRS's assessment, collection, and investigative efforts; (d) using nominees to hide and conceal assets and income from the IRS to prevent the IRS from collecting on

DIMARTINO'S tax liabilities; and (e) attempting, through various means, to prevent insurance companies from withholding taxes from DIMARTINO's compensation and complying with IRS levies.

12. In furtherance of his corrupt endeavor to obstruct and impede the due administration of the internal revenue laws, DIMARTINO committed and caused to be committed the following acts, among others:

a. DIMARTINO mailed and caused to be mailed to the IRS the following false tax returns:

|  | Approximate Date of Submission | Tax Year | Description |
| --- | --- | --- | --- |
| i. | June 20, 2008 | 2007 | Form 1040 requesting false $14 million refund |
| ii. | September 26, 2008 | 2007 | Form 1040 requesting false $102,918.68 refund |
| iii. | October 23, 2008 | 2007 | Form 1040 requesting false $60,867.12 refund |
| iv. | June 18, 2012 | 1999-2011 | Forms 1040 and other false documents |

b. DIMARTINO submitted and caused to be submitted to the IRS and the Secretary of the Treasury the following worthless bonds that purported to satisfy his tax liabilities:

|  | Approximate Date of Submission | Description |
| --- | --- | --- |
| i. | February 21, 2008 | Correspondence including "Private Offset Discharging and Indemnity Bond" purportedly for value of $1,000,000,000 ($1 billion) |
| ii. | September 28, 2009 | Correspondence including "Private Registered Bond for Setoff" purportedly for the value of $100,000,000,000 ($100 billion) sent to the Secretary of the Treasury |
| iii. | July 13, 2011 | Correspondence including "Private Registered Setoff Bond" purportedly for the value of $2,700,000, purportedly to pay off DIMARTINO's debt for tax years 1999 through 2005 |

c. DIMARTINO submitted and caused to be submitted the following false and threatening correspondence to the IRS in an attempt to defeat the IRS's assessment, collection, and investigative efforts:

|  | **Approximate Date of Submission** | **Description** |
|---|---|---|
| i. | November 23, 2009 | Correspondence including documents purporting to be part of legal case brought by DIMARTINO against IRS personnel and others, requesting monetary damages for purported extortion, corporal punishment, grand theft, racketeering, and torture, among other things |
| ii. | August 27, 2010 | Correspondence including false claim that IRS owes DIMARTINO $327,000 and punitive damages of $327,000, and accusing IRS personnel of "involvement in the trafficking of counterfeit securities" |
| iii. | July 16, 2012 | Correspondence including "Notice of Default in Dishonor Consent to Judgment" falsely claiming that DIMARTINO's tax debt for 1999 through 2011 was zero |
| iv. | May 16, 2014 | Correspondence including documents purporting to be part of a legal case joined by DIMARTINO accusing IRS Special Agents and an Assistant United States Attorney, among others, of criminal misconduct |

d. DIMARTINO used nominees to hide and conceal assets from the IRS to prevent the IRS from collecting on his tax liabilities:

i. On or about October 20, 2004, DIMARTINO caused SK&J Family Trust to purchase a house in Newington, Connecticut, for $188,000, which DIMARTINO used as his personal residence.

ii. From on or about January 1, 2005, through on or about March 20, 2013, DIMARTINO caused and attempted to cause companies to pay his commissions through nominees including J.H., Serene Trails, and Realistic Ventures, Inc.

4

    iii. From on or about February 9, 2006, to at least March 10, 2013, DIMARTINO paid personal expenses out of a bank account held in the name of Realistic Ventures Inc.

  e. From on or about December 23, 2004, through on or about January 6, 2009, DIMARTINO attempted, through various means, to prevent insurance companies from withholding taxes on his compensation and complying with IRS levies.

  In violation of Title 26, United States Code, Section 7212(a).

COUNT TWO
(Filing a False Tax Return)

  13. The Grand Jury realleges and incorporates by reference Paragraphs 1 through 9 as if fully set forth herein.

  14. On or about September 26, 2008, in the District of Connecticut and elsewhere, DIMARTINO did willfully make and subscribe a U.S. Individual Income Tax Return (Form 1040) for the 2007 tax year, which was verified by a written declaration that it was made under the penalties of perjury and which he did not believe to be true and correct as to every material matter. That U.S. Individual Income Tax Return (Form 1040), which was prepared and signed in the District of Connecticut and was filed with the IRS, stated on line 72 that DIMARTINO had made total payments to the IRS of $102,918.68; and on line 74a, that he was owed a refund of $102,918.68, whereas, as DIMARTINO then and there knew, he had not made payments to the IRS of $102,918.68, and he was not entitled to a refund of $102,918.68.

  In violation of Title 26, United States Code, Section 7206(1).

## COUNT THREE
### (Filing a False Tax Return)

15. The Grand Jury realleges and incorporates by reference Paragraphs 1 through 9 as if fully set forth herein.

16. On or about October 23, 2008, in the District of Connecticut and elsewhere, DIMARTINO did willfully make and subscribe a U.S. Individual Income Tax Return (Form 1040) for the 2007 tax year, which was verified by a written declaration that it was made under the penalties of perjury and which he did not believe to be true and correct as to every material matter. That U.S. Individual Income Tax Return (Form 1040), which was prepared and signed in the District of Connecticut and was filed with the IRS, stated on line 72 that DIMARTINO had made total payments of $60,867.12 to the IRS; and on line 74a, that he sought a refund of $60,867.12, whereas, as DIMARTINO then and there knew, he had not made payments to the IRS of $60,867.12, and he was not entitled to a refund of $60,867.12.

In violation of Title 26, United States Code, Section 7206(1).

## COUNTS FOUR THROUGH EIGHT
### (Willfully Failing to File a Tax Return)

17. The Grand Jury realleges and incorporates by reference Paragraphs 1 through 9 as if fully set forth herein.

18. During each calendar year listed below, in the District of Connecticut and elsewhere, DIMARTINO had and received gross income in excess of the minimum filing requirement for federal income tax returns as set forth below. By reason of such gross income, he was required by law, following the close of each calendar year set forth below and on or before the filing dates set forth below, to make an income tax return to the IRS

Service Center at Kansas City, Missouri, to an address designated by the IRS in Hartford, Connecticut, to any local office of the IRS, or to any other IRS office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, DIMARTINO willfully failed, on or about the dates set forth below, in the District of Connecticut and elsewhere, to make an income tax return, to wit:

| Count | Calendar Year | Minimum Filing Requirement | Filing Due Date |
|---|---|---|---|
| FOUR | 2008 | $8,950 | April 15, 2009 |
| FIVE | 2009 | $9,350 | April 15, 2010 |
| SIX | 2010 | $9,350 | April 18, 2011 |
| SEVEN | 2011 | $9,500 | April 17, 2012 |
| EIGHT | 2012 | $9,750 | April 15, 2013 |

In violation of Title 26, United States Code, Section 7203.

A TRUE BILL

/s/
_____
FOREPERSON

UNITED STATES OF AMERICA

_____
MICHAEL J. GUSTAFSON
ACTING UNITED STATES ATTORNEY

_____
JENNIFER R. LARAIA
TRIAL ATTORNEY
DEPARTMENT OF JUSTICE, TAX DIVISION

_____
ERIN B. PULICE
TRIAL ATTORNEY
DEPARTMENT OF JUSTICE, TAX DIVISION

_____
JASON M. SCHEFF
TRIAL ATTORNEY
DEPARTMENT OF JUSTICE, TAX DIVISION